**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:15CV620-RJC-DSC**

| | |
|---|---|
| GWENDOLYN ROSS SURRATT, )<br>      Plaintiff,   )<br>                      )<br>vs.                    )<br>                      )<br>CAROLYN W. COLVIN,    )<br>Commissioner of Social    )<br>Security Administration,  )<br>      Defendant.   )<br>_____) | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #10) and Defendant's "Motion for Summary Judgment" (document #15), as well as the parties' briefs and submissions.

This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these Motions are now ripe for disposition.[1]

Having considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be denied; that Defendant's Motion for Summary Judgment be granted; and that the Commissioner's decision be affirmed.

**I. PROCEDURAL HISTORY**

On December 15, 2011, Plaintiff filed an application for Supplemental Security Income

---

[1] Pursuant to the Text-Only Social Security Scheduling Order entered on February 23, 2016, Plaintiff was entitled to file a response brief on or before August 8, 2016. Plaintiff did not file a response.

("SSI") alleging that she became disabled on October 22, 2011. (Tr. 260). The application was denied initially and upon reconsideration. (Tr. 162, 171). Plaintiff requested a hearing which was held on May 6, 2014. (Tr. 34-72).

On June 19, 2014, the Administrative Law Judge ("ALJ") determined that Plaintiff was not disabled. (Tr. 12-33). The ALJ found that Plaintiff had not engaged in substantial gainful activity since her filing date. (Tr. 17). The ALJ also found that Plaintiff suffered from degenerative disc disease, coronary artery disease, obesity, obstructive sleep apnea, and chronic obstructive pulmonary disease (Tr. 17), but did not meet or equal any listing in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Tr. 20). The ALJ then found that Plaintiff retained the Residual Functional Capacity ("RFC")[2] to perform the full range of light work[3] "which allows access to a restroom." (Tr. 21).

Based on this RFC, the ALJ found that Plaintiff could perform her past relevant work as a cashier and card room attendant. (Tr. 25). The ALJ relied on testimony from a Vocational Expert ("V.E."), who testified that the cashier and card room attendant jobs were unskilled, light work that could be performed with the limitation of ready access to a restroom. Id.

Accordingly, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. Id.

On October 27, 2015, the Appeals Council denied Plaintiff's Request for Review. (Tr. 1).

Plaintiff filed the present action on December 18, 2015. She assigns error to the ALJ's RFC

---

[2]The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

[3]"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing or pulling of arm or leg controls." 20 C.F.R. §§ 404.1567(b), 416.967(b).

2

determination. Plaintiff argues that the RFC is inconsistent with the medical evidence and that the ALJ erred in evaluating opinions by treating physicians Doctors Suras Pai and Felix Muniz and reviewing medical expert Dr. Robert Pyle. Plaintiff's Brief at 2-14 (document #10-1). She also assigns error to the ALJ's evaluation of her credibility. Id..

The parties' Motions are ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical

evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became disabled.[4] Plaintiff argues that substantial evidence does not support the ALJ's RFC finding that she could perform light work with the ability to stand and walk for six hours in an eight hour workday. In essence, Plaintiff argues that the Court should re-weigh the evidence and find that she has more significant limitations in standing and walking than those found by the ALJ. The Court is precluded from doing so. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) ("[W]e do not undertake to re-weigh conflicting evidence").

The ALJ is solely responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c) & 416.946(c). In making that assessment, the ALJ must consider the functional limitations

---

[4]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .
Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

4

resulting from the claimant's medically determinable impairments. SSR96-8p at *2. However, it is the claimant's burden to establish her RFC by demonstrating how those impairments impact her functioning. See 20 C.F.R. §§404.1512(c) & 416.912(c); see also, e.g., Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) ("[t]he burden of persuasion . . . to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five"); Plummer v. Astrue, No. 5:11-cv-00006, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) (Memorandum and Recommendation) ("[t]he claimant bears the burden of providing evidence establishing the degree to which her impairments limit her RFC") (citing Stormo), adopted, 2012 WL 1858844 (May 22, 2102), aff'd, 487 F. App'x 795 (4th Cir. Nov. 6, 2012). Substantial evidence supports the ALJ's RFC finding.

The ALJ considered a December 2011 examination by Dr Suras Pai, Plaintiff's treating neurosurgeon, showing no motor strength deficits, normal reflexes, and only mild sensory deficits on examination. (Tr. 22, 810). The ALJ noted that Dr. Pai's December 2011 letter stated that "[Plaintiff's] neurological exam is essentially normal" (Tr. 24, 810). In an April 2012 letter, Dr. Pai wrote, "I think the findings on her MRI scans are mild degenerative findings." (Tr. 24, 816).

The ALJ also considered a July 2012 emergency room examination which revealed a positive straight leg raise on the left, mild tenderness to palpation of the spine, no motor strength deficits, and no neurosensory deficits. (Tr. 22, 683-84). The ALJ noted that Plaintiff sometimes denied chronic neck pain (Tr. 22, 574), symptoms of tingling (Tr. 22, 574), and symptoms of numbness (Tr. 22, 724) when she sought treatment from other medical professionals. The ALJ noted that Plaintiff complained only of tenderness over her cervical and lumbar spine following a car accident and had no neurological deficits or difficulties moving her extremities. (Tr. 22, 756).

The ALJ also considered consistently normal examinations of Plaintiff's lungs in spite of

5

her cigarette usage (Tr. 22, 522, 588, 609, 683), as well as evidence that she responded well to her treatment regimen. (Tr. 22). The ALJ also considered Plaintiff's obesity and leg swelling, but concluded that her episodes of edema were well controlled by diuretics. (Tr. 23). He noted that in March 2014, she reported to her physicians that she had been doing well with no edema and only took Lasix as needed. (Tr. 23, 826).

The ALJ considered the opinion of Dr. Robert Pyle, a State agency medical expert, that Plaintiff could perform slightly less than medium work. (Tr. 24, 138-58). The Regulations provide that "State agency medical and psychological consultants . . . are highly qualified physicians [and] psychologists . . . who are also experts in Social Security disability evaluation." 20 C.F.R. § 404.1527(e)(2)(i). An ALJ gives weight to State agency opinions based upon such factors as the supportability of the opinion in the evidence including any evidence that was not before the State agency, the consistency of the opinion with the record as a whole, and any explanation for the opinion provided by the State agency consultant. Social Security Ruling (SSR) 96-6p, 1996 WL 374180, at *2 (S.S.A. 1996).

Plaintiff argues that the ALJ failed to consider the "injection and ablation procedures" she underwent. To the contrary, the ALJ specifically mentioned that she "continues to be treated with injections" (Tr. 22) and that Plaintiff testified that "she takes epidural injections which help for two or three days." (Tr. 21, 47).

Plaintiff challenges the ALJ's evaluation of opinions from treating physicians Doctors Pai and Muniz and State agency consultant Dr. Pyle. The Fourth Circuit has held that a treating physician's opinion need not be afforded controlling weight. Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992). A treating physician's opinion on the nature and severity of an alleged impairment is entitled to controlling weight only if it is well-supported by medically acceptable clinical and

6

laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. See 20 C.F.R. §§ 404.1527(d)(2) (2002); and Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). Therefore, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Mastro, 270 F.3d. at 178 (citing Craig, 76 F.3d at 590).

Other than stating that Dr. Muniz treated her with injections over a two year period, Plaintiff does not mention his treatment records. Plaintiff does not identify any opinion by Dr. Muniz, much less an opinion that supported greater restrictions.

The ALJ assigned "more weight" to Dr. Pai's letter to Paul Claroni, P.A., than he did to Mr. Claroni's opinion. Mr. Claroni opined that Plaintiff was limited to sedentary work. Plaintiff concedes that the ALJ's decision to give "little weight" to Mr. Claroni's letter "is understandable as that evidence was reviewed by the prior ALJ [in denying Plaintiff's earlier application]." Plaintiff's Brief at 10 (document #10-1).

Plaintiff has not identified any findings by Dr. Pai that would have compelled the ALJ to conclude that a more restrictive RFC was appropriate. As noted above, Dr. Pai's findings support the ALJ's RFC finding.

Plaintiff argues that the ALJ erred in affording "some weight" to Dr. Pyle's opinion because "it is unknown what records Dr. Pyle reviewed in assessing" her RFC. Plaintiff's Brief at 10 (document #10-1). To the contrary, Dr. Pyle provided a nine-page recitation of all the evidence he considered. (Tr. 139-48).

Plaintiff also argues that that Dr. Pyle did not review Dr. Pai's records which would have altered his opinion. As noted previously, Dr. Pai's treatment records support the ALJ's determination. Additionally, the "fact that the state agency physician did not have access to the

7

entire evidentiary record -- because the record was incomplete at the time of the assessment -- is inconsequential" when "the ALJ consider[s] the entire evidentiary record and substantial evidence supports his determination." Thacker v. Astrue, No. 3:11CV246-GCM-DSC, 2011 WL 7154218, at *6 (W.D.N.C. Nov. 28, 2011), report and recommendation adopted, No. 3:11-CV-00246-GCM, 2012 WL 380052 (W.D.N.C. Feb. 6, 2012). Since the ALJ considered the entire evidentiary record including the findings by Doctors Pai and Muniz (Tr. 21, 22, 24) and substantial evidence supports his findings, the ALJ did not err in weighing Dr. Pyle's opinion.

The ALJ accepted Dr. Pyle's opinion that Plaintiff could stand and walk at least six hours in an eight-hour workday and found that it was consistent with the record. (Tr. 21-22). Examinations routinely indicated that Plaintiff has no deficits in her gait or station (Tr. 539, 563, 565, 568, 574, 580, 585, 633) and did not need an assistive device to walk (see, e.g., Tr. 777). In February 2012, Plaintiff told a medical provider that she did not need to spend any time lying down during the day. She reported washing dishes, cooking, going to church, doing laundry, going next door to check on her mother, and gardening. (Tr. 569). Substantial evidence supports the ALJ's decision to accept Dr. Pyle's opinion regarding Plaintiff's ability to stand and walk for six hours in an eight-hour workday.

Plaintiff assigns error to the ALJ's credibility determination. A review of the ALJ's decision reveals that his credibility determination is supported by substantial evidence.

The determination of whether a person is disabled by non-exertional pain or other symptoms is a two-step process. "First, there must be objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged." Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996), citing 20 C.F.R. §

416.929(b); and § 404.1529(b); 42 U.S.C. § 423(d)(5)(A). If there is such evidence, then the ALJ must evaluate "the intensity and persistence of the claimant's pain, and the extent to which it affects [her] ability to work." Id. at 595, citing 20 C.F.R. § 416.929(c)(1); and § 404.1529(c)(1). The regulations provide that this evaluation must take into account:

> not only the claimant's statements about his or her pain, but also "all the available evidence," including the claimant's medical history, medical signs, and laboratory findings; any objective medical evidence of pain (such as evidence of reduced joint motion, muscle spasms, deteriorating tissues, redness, etc.); and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it.

Craig, 76 F.3d at 595 (citations omitted).

The record contains evidence of Plaintiff's degenerative disc disease, coronary artery disease, obesity, obstructive sleep apnea, and chronic obstructive pulmonary disease – which could be expected to produce some of her symptoms. Accordingly, the ALJ found that Plaintiff met the first prong of the test. The ALJ then determined that Plaintiff's subjective complaints were not consistent with the objective evidence in the record. 20 C.F.R. § 404.1529(a) ("In determining whether you are disabled, we consider all your symptoms, including pain, and the extent to which your symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence.") The ALJ is responsible for making credibility determinations and resolving conflicts in the evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The ALJ is accorded deference with respect to determinations of a claimant's credibility. Shively v. Heckler, 739 F.2d 987, 989 (4th Cir.1984). Indeed, "[b]ecause he had the opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions are to be given great weight." Id.

The ALJ assessed the credibility of Plaintiff's reports of back pain, inability to stand for

9

more than twenty-five minutes, and swelling in her legs (Tr. 21). He concluded that her allegations of back pain and inability to stand for more than twenty-five minutes were not entirely credible. When she sought treatment for back pain in July 2012, examination findings revealed only mild tenderness in the lower lumbar spine and left paraspinous area. (22, 683-84). The ALJ noted that when Plaintiff sought treatment for back pain after an automobile accident in May 2013, she demonstrated tenderness in her lumbar paraspinous region but had no neurological deficits. (Tr. 22, 750). Finally, the ALJ considered Plaintiff's admission to her chiropractor that her back pain was only three out of ten in severity in August 2013. (Tr. 22, 605).

The ALJ also concluded that the limitations Plaintiff alleged secondary to her leg swelling were not entirely credible. He considered the evidence of edema in her legs and noted that on examination, she sometimes demonstrated 2+ and 3+ edema in her legs. (Tr. 23, 690, 750). However, he also noted that Plaintiff "has been treated for episodes of edema, which respond to treatment with diuretics." (Tr. 23, 824). Plaintiff reported to her physicians in "March 2014 that she had been doing well with no edema and that she took Lasix only as needed." (Tr. 23, 826–28). This substantial evidence supports the ALJ's finding that Plaintiff's subjective complaints were not fully credible.

Although the medical records establish that Plaintiff experienced symptoms to some extent, as the Fourth Circuit has noted, it is the ALJ's responsibility, not the Court's, "to reconcile inconsistencies in the medical evidence." Seacrist, 538 F.2d at 1056-57.

Simply put, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." Mickles v. Shalala, 29 F.3d 918, 923 (citing Simmons v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)). This is precisely such a case, as it contains substantial evidence to

support the ALJ's treatment of the record and the hearing testimony, and his ultimate determination that Plaintiff was not disabled.

## IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Summary Judgment" (document #10) be **DENIED**; that Defendant's "Motion for Summary Judgment" (document #15) be **GRANTED**; and that the Commissioner's determination be **AFFIRMED.**

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

11

**SO RECOMMENDED AND ORDERED**.

Signed: August 11, 2016

_____
David S. Cayer
United States Magistrate Judge