| | |
|---|---|
| GWENDOLYN ROSS SURRATT, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | )    <u>ORDER</u> |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment and Supporting Memorandum, (Doc. Nos. 10 to 10-1); Defendant's Motion for Summary Judgment and Supporting Memorandum (Doc. Nos. 15, 16); and the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 17), recommending that this Court deny Plaintiff's Motion and grant Defendant's Motion. The parties have not filed objections to the M&R, and the time for doing so has expired. Fed. R. Civ. P. 72(b)(2).

## I.  BACKGROUND

Neither party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R.

## II.  STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made." Id. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

However, "when objections to strictly legal issues are raised and no factual issues are challenged,

de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th

Cir. 1982). De novo review is also not required "when a party makes general or conclusory

objections that do not direct the court to a specific error in the magistrate judge's proposed

findings and recommendations." Id. Similarly, when no objection is filed, "a district court need

not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on

the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life &

Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee

note).

## III.    DISCUSSION

Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court judge shall

make a de novo determination of any portion of an M&R to which specific written objection has

been made. A party's failure to make timely objection is accepted as an agreement with the

conclusions of the Magistrate Judge. See Thomas v. Arn, 474 U.S. 140, 149–50 (1985). No

objection to the M&R having been filed, and the time for doing so having passed, the parties

have waived their right to de novo review of any issue covered in the M&R.

Furthermore, the Social Security Act provides that the "findings of the Commissioner of

Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42

U.S.C. § 405(g). Judicial review of the Commissioner's final decision regarding disability

benefits is limited to determining "whether the findings are supported by substantial evidence

and whether the correct law was applied." Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002).

The reviewing court should not "undertake to re-weigh conflicting evidence, make credibility

determinations, or substitute [its] judgment for that of the Secretary." <u>Mastro v. Apfel</u>, 270 F.3d 171, 176 (4th Cir. 2001) (quoting <u>Craig v. Chater</u>, 76 F.3d 585, 589 (4th Cir. 1996)).

This Court has conducted a full and careful review of the M&R and other documents of record and, having done so, finds that the recommendation of the Magistrate Judge is, in all respects, in accordance with the law and should be approved.  Accordingly, the Court **ADOPTS** the recommendation of the Magistrate Judge as its own.

IV.      **CONCLUSION**

**IT IS, THEREFORE, ORDERED** that the Magistrate Judge's M&R, (Doc. No. 17), is **ADOPTED**; Plaintiff's Motion for Summary Judgment, (Doc. No. 10), is **DENIED**; and Defendant's Motion for Summary Judgment, (Doc. No. 15), is **GRANTED**.  The Clerk of Court is directed to close this case.

Signed: September 6, 2016

Robert J. Conrad, Jr.
United States District Judge